UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:21-cv-00281-MCS (SHK) | Date: | February 22, 2022 |
| Title: | Javier E. Martinez v. Ralph Diaz, et al. | | |

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):   ORDER TO SHOW CAUSE**

     On August 25, 2021, the Court received Plaintiff Javier E. Martinez's ("Plaintiff") First Amended Complaint ("FAC").  Electronic Case Filing Number ("ECF No.") 21, FAC.  On September 15, 2021, the Court issued an Amended Minute Order Re: First Amended Complaint ("Second ODLA"), dismissing all claims against Defendants Ralph Diaz, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); Jeffrey Macomber, the Undersecretary of CDCR; Kenneth Pogue, the Director of CDCR; Anthony Carter, the CDCR contact person for emergency regulations; Steven Escobar, an attorney at the Office of Administrative Law (collectively, "Sacramento Defendants"); P. Birdsong, Appeals Coordinator at Ironwood State Prison ("Ironwood"); and Chelsea Armenta, Office Service Supervisor at Ironwood, with leave to amend.  ECF No. 24, Second ODLA at 1, 13.  The Second ODLA also dismissed, with leave to amend, the Eighth Amendment and First Amendment claims against Defendants Nunez, Vance, Montgomery, Strippling, Messerli, Wilson, Rossolio, Sanders, Wright, Landry, Allen, and Kuntz, correctional officers at Ironwood; Frias and Sanders, correctional sergeants at Ironwood; and a number of Doe defendants who were correctional officers at Ironwood (collectively, "Ironwood Search Defendants").  Id.  The Second ODLA provided Plaintiff with the following three filing options to proceed with the case and gave Plaintiff until October 15, 2021 to perform one of the options:

     1.     Plaintiff may voluntarily dismiss without prejudice all claims against the Sacramento Defendants and Defendants Birdsong and Armenta, and the official capacity claims and Eighth Amendment and First Amendment claims against the

      Ironwood Search Defendants, by filling out and signing the attached Notice of Dismissal. . . .

      2.      Plaintiff may file a Second Amended Complaint [("SAC")] to attempt to allege facts to correct the defects set forth above. . . .

      3.      If Plaintiff disagrees with the analysis in this order and does not wish to amend, Plaintiff may choose to proceed on his FAC without voluntarily dismissing any claims by indicating so in a written response.

Id. at 14.  Plaintiff was warned that, "**absent further order of the Court, his failure to timely file a Second Amended Complaint, Notice of Dismissal, or other response to this order may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**"  Id. (emphasis in the original).

      On September 30, 2021, Plaintiff filed a Notice of Dismissal ("Notice"), dismissing Sacramento Defendants and Defendants Birdsong and Armenta.  ECF No. 25, Notice at 1.  However, the Notice did not include voluntary dismissals of the official capacity, Eighth Amendment, or First Amendment claims against the Ironwood Search Defendants, as was required if Plaintiff wished to proceed with the first option outlined in the Second ODLA.  As of the date of this Order, Plaintiff has not submitted any other responsive filing as provided by the Second ODLA.  Therefore, Plaintiff's Notice is incomplete, and Plaintiff has failed to file a timely response to the Court's order in the Second ODLA.

      Accordingly, because Plaintiff has failed to file a complete response to the Second ODLA by the deadline, Plaintiff is ordered to show cause, **by March 15, 2022**, why the case should not be dismissed for failure to prosecute and follow Court orders.  Plaintiff can comply with this Order by either: (1) filing a complete Notice of Dismissal, as described in the Second ODLA; (2) filing a SAC that includes all claims that Plaintiff would like to pursue, even if Plaintiff previously stated them in the original Complaint, including claims which the Court did not find deficient; or (3) clearly indicating to the Court, in writing, that Plaintiff intends to proceed with the FAC, as is, except for as to the claims against the previously dismissed Sacramento Defendants.  To the extent Plaintiff intends to file a SAC, the Court directs Plaintiff to the last page of the Second ODLA for further instructions and requirements to file a SAC.

      **Plaintiff is warned, again, that if Plaintiff does not timely file a SAC or other complete response, the Court <u>will</u> recommend that this action be dismissed with or without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey Court orders.**

      **IT IS SO ORDERED.**